STATE EX REL. CITY OF MADISON, Appellant, vs. BAREIS, City Clerk, Respondent.

*January 10—February 15, 1946.*

*Harold E. Hanson,* city attorney, for the appellant.

For the respondent there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *Francis L. Lamb.*

FRITZ, J.   The order and judgment under review were based upon the court's decision sustaining the city clerk's contentions,—upon his motion to quash the alternative writ of *mandamus,*—that the proposed bond issue is invalid as a mortgage bond issue against the city's water works system, because the issue is not within the purposes for which utility mortgage bonds may be issued under sec. 3 of art. XI, Wis. Const.; and that as an issue of general obligation bonds of the city it is invalid, because not supported by a direct annual tax, as required by said sec. 3.   On the other hand, the city's first contention on this appeal is that the advertising by the city clerk for bids for the purchase of the bonds in question and his execution and signing thereof did not affect the clerk in either his official capacity or his personal capacity; and that as such clerk he has no discretionary power to pass upon the validity of the ordinance adopted by the city's common council for the issuance of bonds, in the absence of an irregularity in the council proceedings, and therefore the clerk is not entitled to raise the question of their validity in this *mandamus* action.

For the consideration of that contention it suffices to note the allegations to the following effect in the city's petition and the attached exhibits in this action, to wit:

That under sec. 66.06 (9) (b), Stats. 1945, the city through action by its common council on August 24, 1945, adopted an ordinance providing for the issuance of $2,000,000 Water Works Mortgage Revenue Bonds for the purpose of reimbursing the city for moneys heretofore expended from its general fund and its general obligation tax bonds for the acquisition, construction, extension, improvement and operation of its water works system to the extent of $1,647,000, and for the purpose of retiring and refunding its outstanding water works revenue refunding bonds in the principal amount of $90,000, and for the purpose of paying the cost of additions, improvements and extensions to that system in the amount of $263,000; that in order to provide for the execution and sale of the bonds authorized under the ordinance of August 24, 1945, the common council on September 7, 1945, adopted a resolution directing (1) the city clerk to advertise forthwith for sealed bids for the purchase of $1,737,000 of said bonds in the Wisconsin State Journal, the official state paper of the city, and directing (2) the mayor and the city clerk in accordance with the provisions of sec. (15) of the ordinance of August 24, 1945, to complete and execute said bonds and the attached interest coupons; that at a meeting of the common council on September 14, 1945, Bareis, as city clerk, filed a communication with the council stating (1) that he would not comply with its resolution of September 7, 1945, directing him, as city clerk, to advertise for bids for the purchase of said bonds, and (2) that he would not execute said bonds and interest coupons by affixing thereto his attestation as city clerk; that Bareis arbitrarily and unreasonably refuses to advertise for the bids for the purchase of said bonds, and likewise refuses to execute said bonds and interest coupons by affixing thereto his signature as directed by the resolution of September 7, 1945, and in accordance with the ordinance adopted on August 24, 1945; and that Bareis in a letter dated

September 13, 1945, and addressed to the mayor and common council of the city, stated:

"I have sought the advice of legal counsel and on the advice of such counsel, I respectfully decline and refuse to sign and execute said bonds or any part thereof, as directed in the aforesaid resolution, and I respectfully decline and refuse to advertise said bonds for sale as directed in the aforesaid resolution. My reason for declining and refusing so to act is that I am advised by counsel that said bonds would not be valid or legal or within the authority of the city to issue for the following reasons. . . ."

In his brief on this appeal the city clerk concedes that there is no question raised by him as to any irregularity in the proceedings of the common council in relation to the ordinance for the proposed bonds. But he contends that he has the right to question the validity of that ordinance and of the bonds; that the ordinance is invalid for a more fundamental reason than irregularity in that it exceeds the constitutional authority of the legislature and the common council, and therefore bonds issued thereunder are void; and that the duty of the clerk in signing bonds is not of a mere clerical nature, that when the mayor and clerk execute a bond they execute an instrument certifying, among other things, that "all acts, conditions and things required to exist, happen and be performed precedent to and in the issuance of this bond, have existed, have happened and have been performed in due time, form and manner as required by law," and there is no provision in the statutes that the clerk's signature merely certifies that the routine mechanical procedure of the adoption and publication of the ordinance was followed.

The proposed bonds are to be issued under sec. 66.06 (9) (b) 13, Stats. 1945, in which it is provided that "such bonds shall be issued and secured in the same manner and with like effect as provided in this section;" and in sub. (9) (b) 1 of sec. 66.06, Stats., it is provided that the common council of

a city "shall order the issuance and sale of bonds . . . executed by the chief executive and the clerk;" and that "Such bonds shall be sold in such manner and upon such terms as the board or council shall deem for the best interests of said municipality." Under those provisions the common council of Madison was authorized to provide in the ordinance of August 24, 1945, "That said bonds shall be signed by the mayor, sealed with the corporate seal of the city of Madison and attested by the city clerk;" and was authorized also to direct, as it did by the resolution adopted September 7, 1945, that the city clerk advertise forthwith for sealed bids for the purchase of the proposed bonds, and to direct the mayor and the city clerk to complete and execute the bonds in accordance with the provisions in the ordinance of September 24, 1945. Under those provisions in sec. 66.06 (9) (b) 1 and 13, Stats. 1945, and in the ordinance and the resolution adopted thereunder by the common council and the mandatory directions therein in prescribing duties of the city clerk in the above-stated respects, the clerk's functions were purely ministerial and the performance thereof by him was not discretionary. Consequently, in the performance of those duties as city clerk it was neither within his province to pass upon the constitutionality or validity of those provisions in the statutes, ordinance, and resolution, or the validity of the bonds, nor to decline or refuse, upon his counsel's advice that the bonds would not be valid, to sign and execute them and advertise the sale thereof as directed by the ordinance and resolution. In view of his refusal in those respects, there are applicable herein the conclusions stated in *State ex rel. Martin v. Zimmerman,* 233 Wis. 16, 20, 288 N. W. 454, that,—

"The whole governmental process would be thrown into utter confusion if ministerial officers in one department in the absence of legislative authority assumed to exercise the power to pass upon the validity and constitutionality of the acts of officers of co-ordinate departments of government. If one

ministerial officer or one officer in the performance of a ministerial duty may constitute himself a tribunal to pass upon the acts of other officers, such power might be assumed by all officers and the governmental process would be brought to a halt."

Consequently, as we held in that connection, so likewise in the case of the defendant herein, his performance of his ministerial duties in the respects in question herein can be compelled by *mandamus*. *State ex rel. Martin v. Zimmerman, supra; State ex rel. Krause v. Jones,* 196 Wis. 464, 468, 220 N. W. 373; *State ex rel. Wember v. Kingston,* 214 Wis. 362, 366, 253 N. W. 401.

In *Martin v. Smith,* 239 Wis. 314, 1 N. W. (2d) 163; *State ex rel. Lathers v. Smith,* 238 Wis. 291, 299 N. W. 43; *State ex rel. Voelkel v. Thiessen,* 232 Wis. 126, 286 N. W. 561; and *State ex rel. Young v. Maresch,* 225 Wis. 225, 273 N. W. 225, which are cited in respondent's brief, there was no question raised or considered, as in the case at bar, as to whether the official duties, the performance of which was sought to be compelled by *mandamus,* were merely ministerial functions. In those cases the respondents made returns and solely the issues raised thereby were tried and determined. In *State ex rel. Young v. Maresch, supra,* we concluded that,—although performance of a town board's duty to repair a highway could not be compelled in a *mandamus* action if there is a *bona fide* dispute in respect to the status of the highway which should have been first determined in another action,—when, as in that *mandamus* action to compel such performance the issues have been fully tried, the court could consider the action as one brought under the Declaratory Judgments Act (sec. 269.56, Stats.), and may permit the status of the highway to be determined therein. In that case the defendants had, however, made due return to the writ. They had not merely made a motion to quash the writ, as did the defendant herein, without making any return. Neither was there any contention on the part of the relator Young that the defendants were not

entitled to raise the issues presented by their return; and upon the issues raised thereby the case had been fully tried by the court. In view of the differences in these and other material respects, the action herein cannot be considered as one brought under the Declaratory Judgments Act.

*By the Court.*—Order and judgment reversed, and cause remanded with directions for further proceedings in accordance with the opinion.